IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA       §
                               §
v.                             §              CRIMINAL NO. H-12-398
                               §              (Civil Action No. H-13-3760)
MICHAEL LEWIS LOVETT           §

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Michael Lewis Lovett's motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc.

# 52], to which the United States filed a Response [Doc. # 64].  Lovett filed no reply.

The Court has carefully reviewed all pertinent matters in this criminal case.  Based on

this review, the Court's clear recollection of the relevant proceedings, and the

application of governing legal authorities, Lovett's § 2255 Motion is ***denied*** and the

corresponding civil action (H-13-3760) is ***dismissed*** for reasons set forth below.

## I.    BACKGROUND

On November 18, 2011, a fire started in Lovett's apartment when he passed out

while cooking.  The apartment security guard (a Missouri City Police Officer)

received a page from a resident reporting an alarm and the smell of smoke.  The

security guard called 911 and reported the fire.  A Houston Fire Department ("HFD")

firefighter forced entry into the apartment and pulled Lovett from the unit. A paramedic and HFD personnel went throughout the apartment looking for secondary fires and for other inhabitants of the apartment. A paramedic responding to the fire saw what appeared to be drugs on the kitchen island and counter, which he reported to the apartment security guard and HFD personnel. Houston Police Department ("HPD") narcotics officers arrived at Lovett's apartment. The HPD Officer was advised that there appeared to be narcotics on the kitchen counters and, later, was advised that there were guns discovered in the apartment bedroom. A search of the apartment pursuant to a search warrant resulted in the discovery of what appeared to be a methamphetamine manufacturing facility, a large quantity methamphetamine, four firearms, ammunition, cash in the freezer, and drug paraphenalia.

A federal grand jury in this district returned an indictment against Lovett charging him with one count of possession with intent to distribute methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm as a convicted felon. On November 7, 2012, Lovett entered a plea of guilty pursuant to a written Plea Agreement [Doc. # 30].

Prior to sentencing, the Court considered the Presentence Investigation Report ("PSR") prepared by the Probation Office and all other matters of record. The Court, in the exercise of its discretion, sentenced Lovett to serve a total term of imprisonment

of 188 months in the custody of the Bureau of Prisons, a sentence below the advisory

sentencing guideline range.  Having waived his right to appeal as part of the Plea

Agreement, Lovett did not appeal his conviction or sentence.

Lovett filed his § 2255 Motion, claiming that he received ineffective assistance

from counsel who failed to object to the Government's evidence, failed to challenge

the transfer of evidence from the state of Texas to the federal authorities, and allowed

Lovett to "plead guilty to a crime [he] is innocent of." *See* § 2255 Motion, p. 9.  After

considering the entire record, the Court concludes that Lovett's § 2255 Motion must

be dismissed in accordance with the waiver of collateral review contained in the Plea

Agreement.

## II.  DISCUSSION

### A.  Standard for Enforcing Waiver of Right to Collateral Review

A criminal defendant may waive the right to appeal and collateral review, so

long as the waiver is knowing and voluntary.  *See United States v. White*, 307 F.3d

336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir.

2005) (waiver of right to appeal).  An "informed and voluntary waiver of the right to

file a 28 U.S.C. § 2255 motion will be enforced."  *White*, 307 F.3d at 341 (citing

*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).  A waiver is enforced

against an ineffective assistance of counsel claim unless the claimed ineffective

assistance directly affected the validity of the waiver or of the plea itself.  *Id.* at 343.

If, however, the plea and waiver were knowing and voluntary, and the waiver clearly

covers § 2255 motions, the waiver can be enforced.  *Id.* at 343-44.

### B.    Plea Agreement

The pending § 2255 Motion must be dismissed because, pursuant to the written

plea agreement in this case, Lovett expressly waived the right to challenge his

conviction and sentence collaterally under 28 U.S.C. § 2255 [Doc. # 30, Plea

Agreement, at ¶ 8].  The waiver refers specifically to relief under § 2255 and states

unequivocally that Lovett waives his right to seek § 2255 relief.  The Plea Agreement

is signed by Lovett, and was discussed with him at the time of his rearraignment.  The

Plea Agreement includes an acknowledgment that Lovett is pleading guilty freely and

voluntarily and because he is guilty.  *See id.*, ¶ 20.  The Plea Agreement contains an

Addendum, signed by Lovett, stating that he has "read and carefully reviewed every

part of the Agreement," understands it, and "voluntarily agree[s] to its terms."  *See id.*

at 13.  It is well settled that an informed and voluntary waiver of post-conviction relief

under 28 U.S.C. § 2255 "is effective to bar such relief."  *United States v. Wilkes*, 20

F.3d 651, 653 (5th Cir. 1994).  Lovett asserts summarily in his § 2255 Motion that he

is innocent of the crimes to which he pled guilty, but his assertion is not accompanied

by any factual allegations to support his assertion of innocence, and it is clearly refuted by the record in this case.

### C.   <u>Rearraignment Proceeding</u>

The transcript of Lovett's guilty plea confirms that he understood the charges against him, understood that he was entering a plea of guilty to methamphetamine and firearms charges, and understood that he was waiving his right to collateral review. At the beginning of the plea proceeding, Lovett was placed under oath and advised that if he told a lie, he could be prosecuted for perjury.  *See* Rearraignment Transcript [Doc. # 59], p. 3.  The Court instructed Lovett to ask any questions and to let the Court know if he was confused.  *See id.* at 4.

Lovett told the Court under oath that he had read the Indictment.  *See id.* at 5. Lovett understood the charges against him, and he clearly and accurately told the Court what he was charged with.  *Id.*  Lovett stated under oath that he was satisfied with his lawyer.  *See id.* at 7.  The Court found that Lovett was seeking to enter a guilty plea "knowingly, voluntarily, intelligently, and with the advice of his lawyer." *Id.* at 7-8.

The Court then explained to Lovett the rights he would give up if he entered a plea of guilty.  The Court specifically advised Lovett that he would give up the right to "object to evidence the Government wanted to offer."  *Id.* at 9-10.  The Court

advised Lovett that he would not be able to complain about any "searches that were done, seizures," if he pled guilty. *See id.* at 11.

The prosecutor advised the Court and Lovett of the facts the Government would prove beyond a reasonable doubt if the case went to trial. *See id.* at 14-18. The Court asked Lovett if there was anything in the factual proffer that he disagreed with, and Lovett said "no, ma'am." *See id.* at 23-24. The Court asked Lovett if he was sure, and Lovett answered "yes, ma'am." *Id.* at 24. The Court cautioned Lovett that he could not change his mind later, and Lovett responded "Right." *See id.* The Court then found that the factual proffer, to which Lovett had no disagreement, "establishes beyond a reasonable doubt that [Lovett] committed the crimes charged." *Id.*

Lovett told the Court under oath that he had read the Plea Agreement and had discussed it "sentence by sentence" with his lawyer. *See id.* at 26. The Court explained to Lovett that the Plea Agreement was a written contract. *See id.* The prosecutor described the terms of the Plea Agreement. *Id.* at 27-28. The Court explained carefully to Lovett that he was waiving his right of collateral attack and could not ask the Court to change the sentence and could not "file a habeas." *See id.* at 32. In the Plea Agreement, Lovett stated that he was "pleading guilty because he *is* guilty of the charges contained in Counts One, Two and Three of the Indictment." *See* Plea Agreement, ¶ 16 (emphasis in original); *see also* ¶ 20 ("The Defendant

acknowledges that . . . he is pleading guilty freely and voluntarily because he is guilty.").

After the Court fully explained to Lovett the charges against him, the factual proffer, the Plea Agreement including the waiver of collateral review, and the rights Lovett would give up if he entered a plea of guilty, Lovett entered a plea of guilty to all three counts in the Indictment. Rearraignment Transcript, p. 35. Lovett told the Court under oath that everything he said during the plea proceeding had been "completely true," and that he understood the Court's explanations. *See id.* Lovett told the Court under oath that he was pleading guilty because he was guilty of the crimes charged. *See id.* at 36. Lovett then signed the Plea Agreement in the Court's presence. *See id.*

The Court found that the plea was supported by independent facts establishing all the elements of the charges, and that Lovett intended to do the acts that he committed. *See id.* The Court found that Lovett's "plea of guilty was voluntarily, freely, and knowingly made" and that Lovett understood the consequences of his guilty plea. *See id.* at 37. The Court found that the plea was an informed one and accepted Lovett's plea of guilty to the three counts in the Indictment. *See id.*

Lovett's sworn statements made in open court, particularly during a plea colloquy, are entitled to a strong presumption of truthfulness. *See United States v.*

*Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).  Those statements establish clearly that Lovett's plea was knowing and voluntary, that he understood fully that he was waiving his right to seek collateral relief under § 2255, and that he was, in fact, guilty of the crimes charged.

### D.    Sentencing Hearing

Lovett's conclusory assertion of innocence is refuted also by his statements in connection with his acceptance of responsibility and during the sentencing hearing. On December 14, 2012, Lovett provided a typed statement admitting that he had methamphetamine, other drugs, and guns in his apartment.  *See* Presentence Investigation Report ("PSR") [Doc. # 35], ¶ 14 (quoting Lovett's statement).  Lovett stated that he had prior felony convictions and was not allowed to possess a firearm. *See id.*  In the signed statement, Lovett stated that he knew at the time that his actions were illegal.  *See id.*  Based on his signed acceptance of responsibility, the PSR included a recommendation for a three level downward adjustment to Lovett's total offense level, and the Court agreed to the adjustment.

At the time of sentencing, Lovett stated to the Court, "I possessed the guns.  I possessed the drugs."  *See* Sentencing Transcript [Doc. # 60], p. 7.  He admitted to the Court that he was a drug dealer.  *See id.* at 7-8.  The Court stated to Lovett, "you had

in that apartment all types of drugs and a bunch of money you must have gotten . . . And you had guns there." *Id.* at 8.  Lovett answered, "You're right, your Honor." *Id.*

Lovett's written, signed statement accepting responsibility, and his statements to the Court during sentencing refute Lovett's assertion that he is actually innocent.

### E.    Conclusion Regarding Waiver of Right to Collateral Review

The Court has reviewed Lovett's pleadings and finds no allegation that the waiver of collateral review itself was tainted by any alleged ineffective assistance of counsel.  Although Lovett states summarily that he is innocent of the crimes to which he pled guilty, his only factual allegations relate to his position that his rights under the Fourth Amendment were violated and that the evidence against him should have been suppressed.  The Court found at the time of the rearraignment that Lovett's guilty plea was knowing and voluntary and that he understood the rights he was waiving by pleading guilty pursuant to the written Plea Agreement.  The Court found further that Lovett was pleading guilty because he was, in fact, guilty of the crimes charged.  Lovett does not allege facts in his § 2255 Motion that cast doubt on the validity of the Plea Agreement, of the guilty plea itself, or of the waiver of collateral review.  Having reviewed the full record and with a clear recollection of the relevant proceedings, the Court finds without reservation that the guilty plea and the included waiver of the right to collateral attack were knowing and voluntary, and that Lovett entered a guilty

plea because he was guilty of the crimes charged.  The Court concludes, therefore, that Lovett's claims in the § 2255 Motion are foreclosed by the waiver in the written Plea Agreement.

## III.   CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that jurists of reason would not debate whether Lovett knowingly and voluntarily waived his right to pursue collateral relief from his conviction and sentence.  Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby **ORDERED** that Lovett's § 2255 Motion [Doc. # 52] is **DENIED** and the corresponding civil action H-13-3760 is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in Civil Action No. H-13-3760.

SIGNED at Houston, Texas, this 30<u>th</u> day of **April, 2014**.

Nancy F. Atlas
United States District Judge